IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JAN 1 2 2010

Charles D. Deville, )
    Petitioner, )
)
v. ) 1:09cv72 (CMH/TRJ)
)
Gene M. Johnson, )
    Respondent. )

MEMORANDUM OPINION

Charles D. Deville, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of obtaining money by false pretenses and uttering entered on a plea of guilty in the Circuit Court for Stafford County, Virginia. On July 30, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer. Deville was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response in the form of a "Motion to Deny Respondent's Rule (5) Motion" with a supporting brief and exhibits. For the reasons that follow, Deville's claims must be dismissed as time-barred.

I. Background

After initially being charged with five felonies in the Circuit Court for Stafford County, petitioner entered an Alford guilty plea to obtaining money by false pretenses and uttering on November 4, 2002. On March 3, 2003, petitioner was sentenced to ten years in prison with five years suspended on each conviction, for a total active sentence of ten years incarceration. Commonwealth v. Deville, Case Nos. CR01-604-00 and CR01-604-02. On August 1, 2003, the

Virginia Court of Appeals dismissed Deville's petition for appeal from the judgment, on the ground that the notice of appeal was not timely filed. Deville v. Commonwealth, R. No. 1373-03-4. The Virginia Supreme Court refused Deville's petition for further appeal on June 7, 2004. Deville v. Commonwealth, R. No. 032536.

On September 1, 2004, Deville filed a petition for habeas corpus relief in the Virginia Supreme Court, seeking a belated appeal. On April 5, 2005, the petition was granted, and Deville was awarded a delayed appeal. Deville v. Director, Dep't of Corrections, R. No. 042114. On review, the Virginia Court of Appeals denied Deville's appeal, on the finding that although Deville was sentenced to "a much longer period of incarceration than [he] was expecting" pursuant to the plea agreement, he failed to make any objection during the plea colloquy or the sentencing hearing, so any error was waived. Deville v. Commonwealth, R. No. 2004-05-4 (Va. Ct. App. May 3, 2006). A petition for appeal of that result to the Supreme Court of Virginia was not perfected.

On October 17, 2007, Deville submitted a second application for a writ of habeas corpus to the Virginia Supreme Court, raising eight (8) claims for relief. Among them was the contention that counsel had rendered ineffective assistance by failing to perfect an appeal of the Court of Appeals' decision in the delayed direct appeal. On June 4, 2008, the habeas petition was dismissed, on the express holding that it was not timely filed pursuant to Virginia Code § 8.01-654(A)(2). Deville v. Director, Dep't of Corrections, R. No. 319948 (June 4, 2008). This federal proceeding ensued on January 6, 2009.[1]

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Deville executed his § 2254 petition on January 6, 2009, Pet. at 7, and it was date-stamped as received by the Clerk on January 20, 2009. Pet. at 1. In the absence of evidence to the contrary, it will be assumed that the petition was filed on January 6,

## II. Standard of Review

A federal petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the state judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, however, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). If the total time elapsed exceeds one year, the federal petition is untimely and must be dismissed, unless petitioner can establish that he is entitled to equitable tolling of the limitations period. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

## III. Analysis

In Jimenez v. Quarterman, __ U.S. __, 129 S.Ct. 681, 686-87 (2009), the Supreme Court held that:

> [W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

In short, the § 2244 statute of limitations does not begin to run until expiration of the time

---

2009.

during which the petitioner is allowed to seek direct appeal, even if the state court allows an out-of-time appeal during collateral review. Here, Deville's out-of-time direct appeal was denied by the Virginia Court of Appeals on May 3, 2006, and no appeal to the Virginia Supreme Court was perfected. Therefore, Deville's conviction became final for purposes of § 2244(d)(1)(A) at the latest on August 1, 2006, when the time expired during which he could have sought certiorari review of that decision by the United States Supreme Court.[2] Deville thus had until August 1, 2007 within which to file a timely application for § 2254 relief.[3] Instead, the next action Deville took was to file a second application for state habeas corpus relief on October 10, 2007. By then, however, the federal statute of limitations had expired, so the pendency of the second state habeas proceeding could not toll the limitations period. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled).

Moreover, even if Deville's second state habeas petition had been filed before the limitations period ended, it still would not have acted to toll the running of the statute. That is so because the Virginia Supreme Court dismissed the state petition as having been filed untimely under the applicable provision of the Virginia Code, so the petition was not "properly filed" as that term is defined in Pace, supra. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral

---

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

[3] As the respondent correctly points out, the statement in the Court's Order of July 16, 2009, to the effect that petitioner had until August 1, 2008 to file a timely federal habeas petition was mistaken. Resp. at 8, n. 3.

4

proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely). Accordingly, this petition is subject to dismissal as time-barred.

In his Brief in Support of his Motion to Deny Respondent's Rule 5 Answer, petitioner argues that the late filing of this federal petition should be excused due to difficulties he encountered with the assistance of an inmate law clerk. Although he does not use the term, it appears that Deville thus intends to seek equitable tolling of the limitations period in this case. Although the United States Supreme Court has not yet squarely held that equitable tolling is available,[4] it has become well established that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). For equitable tolling to apply, Deville must establish that: (1) extraordinary circumstances, (2) beyond his control and external to his own conduct, (3) prevented him from filing on time. Rouse, 339 F.3d at 247; Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). The Fourth Circuit has cautioned that equitable tolling of the limitations period is rarely warranted and is to be reserved "for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. In addition, a petitioner's own lack of diligence in pursuing his federal remedy may act to negate the application of equitable tolling. Spencer, 239 F.3d at 630.

Deville has failed to present circumstances "extraordinary" enough to justify equitable tolling or to excuse his failure diligently to pursue the instant federal remedy. Specifically, Deville

---

[4] See Lawrence, 549 U.S. at 336 (assuming without deciding that equitable tolling is available under § 2244(d)); Pace, 544 U.S. at 418 n.8 ("We have never squarely addressed the question whether equitable tolling is applicable to [§ 2244(d)(2)'s] statute of limitations.").

5

states in relevant part that although he wanted to appeal the adverse decision of the Virginia Court of Appeals on direct appeal to the Virginia Supreme Court, "miscommunication" occurred between Deville and his appellate counsel, so the appeal time passed. To demonstrate that this amounted to "attorney error," Deville attaches a letter from counsel dated July 17, 2006, in which counsel stated that a copy of the Virginia Court of Appeals' opinion was mailed to Deville on June 2, 2006, but "from the tone of [Deville's] June 25th letter, [he] apparently never got it." Pet'r Brief, Ex. C. Counsel also informed Deville that he "initially noted an appeal to the Virginia Supreme Court with the Court of Appeals; but [he] did not file a petition for an appeal with the Supreme Court; the appeal has, therefore, lapsed. It is my opinion that you do not have good grounds for a direct appeal. You might want to consider filing another habeas corpus proceeding in Stafford Circuit Court." Id.

Deville goes on to explain that he thereafter petitioned the Virginia Supreme Court for habeas corpus relief on the advice of an institutional attorney at Rustburg Correctional Center. However, on the advice of the institutional attorney, Deville mailed the petition to the Office of the Attorney General rather than to the Court on June 5, 2007. After Deville inquired as to the status of the petition in a letter to the Virginia Supreme Court dated September 13, 2007, he was informed by return correspondence dated September 18, 2007 that the Court had no petition on file. Pet'r Brief, Ex. D. On October 11, 2007, Deville was informed that the petition was "finally" sent to the Virginia Supreme Court by the Attorney General's Office. Pet'r Brief, Ex. E. On October 31, 2007, the Chief Deputy Clerk of the Virginia Supreme Court wrote a letter to Deville, inquiring if Deville wanted to file the petition which was provided to the Court by the Attorney General. Pet'r Brief, Ex. F. Deville apparently wrote back on November 8, 2007, as the Clerk acknowledged Deville's correspondence on November 19, 2007, and stated that a record number would be assigned to

Deville's petition and it would be forwarded to the Court, along with Deville's "letter regarding the circumstances surrounding the filing of [the] habeas corpus petition." Pet'r Brief, Ex. G. However, despite Deville's explanation, the petition was dismissed as untimely filed pursuant to Virginia Code § 8.01-654(A)(2) on June 4, 2008, Deville v. Dir., R. No. 319948, and Deville's motion for rehearing was denied on September 17, 2008. Pet'r Brief, Ex. I. Deville apparently then filed an additional habeas corpus petition in the Virginia Supreme Court, "concerning the information that was given by the institutional attorney," Pet'r Brief at ¶ 9, but that petition was dismissed on June 9, 2009, on the holding that it both concerned facts of which Deville had knowledge when a previous petition was filed and was untimely. Deville v. Dir., Dep't of Corrections, R. No. 090720 (June 4, 2009); Pet'r Brief, Ex. J. This federal action was commenced on January 6, 2009.

In his Brief, Deville argues that his federal petition should be considered on the merits because its untimeliness was caused by misleading and incompetent advice he received from institutional counsel, and because he was "sandbagged" when the Attorney General failed to forward the habeas petition to the Virginia Supreme Court in a more expeditious manner.[5] To the extent that Deville contends that his own lack of legal knowledge and reliance on the advice of institutional counsel should entitle him to equitable tolling, his argument is unavailing. Misleading or incorrect advice provided by counsel is an insufficient justification for the application of equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1

---

[5]Although Deville describes facts which in his view illustrate "attorney error" on the part of his counsel on direct appeal, he does not cite that error as a reason for equitable tolling of the federal limitations period. Pet'r Brief at 5 - 8.

(E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run .... [and] [a]ssuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations."). To the extent that Deville attempts to fault the Attorney General's Office for failing to forward Deville's misdirected habeas corpus petition to the Virginia Supreme Court in a timely manner, his argument is clearly unavailing. The Attorney General's Office had no duty to take such action, and nothing in the record suggests that its failure to do so was motivated by a desire to "sandbag" the petitioner's ability to seek further review of his conviction.

Moreover, it is noted that the state habeas corpus application in which Deville raised the same substantive claims he attempts to make here was dismissed on June 4, 2008. Deville v. Dir., R. No. 319948. Nonetheless, rather than turn to the federal forum at that point, Deville by his own admission pursued a third state habeas corpus proceeding before filing the instant petition on January 6, 2009. It thus appears that petitioner's own lack of diligence in pursuing his federal remedy would negate the application of equitable tolling even if it were otherwise appropriate. Spencer, 239 F.3d at 630.

Lastly, while it may be of little comfort to petitioner, he should be aware that even were the Court inclined to grant equitable tolling in this case, the claims presented in all likelihood still would not be cognizable on the merits because they were procedurally defaulted in the state forum, some on direct appeal when no review by the Virginia Supreme Court was perfected, Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990), and the remainder when the relevant state habeas proceeding was filed untimely. Sparrow v. Dir., Dep't of Corrections, 439 F.Supp. 2d 584, 587 (E.

D. Va. 2006).

Because Deville has failed to present a sufficient basis for equitable tolling, the Court, in an exercise of its discretion, declines to equitably toll the one-year limitations period. As such, the instant petition is time-barred and will be dismissed with prejudice, and petitioner's Motion to Deny Respondent's Rule 5 Motion will be denied. An appropriate Order shall issue.

Entered this 12th day of January 2009.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia